IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| RITA J. JONES, § | |
| § | |
| *Plaintiff*, § | |
| v. § | |
| § | |
| HARTFORD LIFE AND ACCIDENT § | CIVIL ACTION NO. 2:16-CV-316 |
| INSURANCE COMPANY and GROUP LONG § | |
| TERM DISABILITY PLAN FOR EMPLOYEES § | |
| OF K+S NORTH AMERICA SALT § | |
| HOLDINGS, LLC, § | |
| § | |
| *Defendants*. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Before the Court Hartford Life and Accident Insurance Company ("Hartford Life") and Group Long Term Disability Plan for Employees of K+S North America Salt Holdings, LLC's (collectively "Defendants") Motion to Dismiss Plaintiff Rita J. Jones's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 9). Having carefully considered the pleadings and briefing, the Court is persuaded that Ms. Jones's claims are time-barred under the plain terms of the employee benefit plan under which she seeks recovery. Accordingly, Defendants' motion is **GRANTED**.

## BACKGROUND

Ms. Jones filed this civil action under the Employee Retirement Income Security Act of 1974 ("ERISA") arising from Hartford Life's decision to terminate long-term disability insurance benefits. Ms. Jones brings her claims pursuant to 29 U.S.C. § 1132 (a)(1)(B) to recover disability benefits under the terms of the plan sponsored by her employer K+S North America Salt Holdings, LLC ("the Plan"). (Dkt. No. 1, Compl. ¶¶ 1, 2, 4, 5, 10–15.)

1

Ms. Jones alleges that she suffers from severe depression, fibromyalgia, and spondyloarthropathy, and became disabled on June 9, 2011. (*Id.* ¶ 13; Mot., Ex. A at 3–4.) Hartford Life denied Ms. Jones's claim for long-term disability benefits on December 6, 2011, and issued its final written decision affirming the benefit denial on August 24, 2012. (Compl. ¶¶ 13, 15; Mot. Exhs. A, B.) On March 30, 2016, Ms. Jones filed her complaint in this case seeking review of Hartford Life's denial of her claim.

## LEGAL STANDARD

A party may move to dismiss a claim for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When a Court considers a Rule 12(b)(6) motion it must assume that all well-pleaded facts are true and must view them in a light most favorable to the non-moving party. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The Court must decide whether those facts state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby*, 681 F.3d at 217 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Though review of a motion to dismiss focuses on the contents of the pleadings and the documents attached thereto, the Fifth Circuit has stated that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016).

## ANALYSIS

Defendants contend that Ms. Jones's complaint seeking long-term disability benefits is time-barred by the limitations period set forth in the Plan and must be dismissed pursuant to Rule 12(b)(6). Section 1132 does not specify a statute of limitations. Instead, the Plan contains a 3-year limitations period that begins to run at the time "proof of loss" is due. (Mot. Exh. C.) The Plan defines "proof of loss" as documentation of items such as the date the participant's disability began, the cause of the disability, the participant's pre-disability income, and evidence that the participant is under the regular care of a physician. (*Id.*) The Plan requires that proof of loss must be sent to Defendants "within 90 days after the start of the period for which we are liable for payment." (*Id.*)

It is undisputed that, based on the Plan's terms and Ms. Jones's allegations, proof of loss was due on March 5, 2012 (90 days after the start of the period for which Hartford Life would have been liable for payment). Accordingly, the last day that Ms. Jones could have sued for benefits under the plan was March 5, 2015. Ms. Jones did not file this suit until March 30, 2016—more than a year after the limitations period expired.

Rather than contest the fact that her claims are time-barred, Ms. Jones argues that dismissal is improper under Rule 12(b)(6) because the Court must necessarily look to documents outside of the pleadings. To be sure, in calculating the applicable limitations period the Court reviewed the terms of the Plan and the denial letters sent to Ms. Jones by Hartford Life. Though not attached to the complaint, these documents were referred to in the complaint and are central to the claims at issue, and therefore are properly considered part of the pleadings. *See Collins*, 224 F.3d at 498–99. A plaintiff seeking to enforce ERISA benefits cannot circumvent a

contractual limitations period by merely omitting the underlying agreement and relevant dates from the pleadings.

Finally, Plaintiff argues that questions of fact preclude judgment on the pleadings. (Resp. at 3–4.) Specifically, she contends that the determination of whether the Plan's 3-year limitations period is reasonable is a fact question requiring discovery. The Supreme Court has held that in the absence of a controlling statutory limitations period, ERISA plan participants and providers are free to "agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013). As *Heimeshoff* demonstrates, the reasonableness of a contractual limitations period is properly considered by courts at the motion-to-dismiss stage. *Id.* at 612–13. *Heimeshoff* is particularly instructive in this case because it involved the same ERISA plan administrator, Hartford Life, and it considered a substantially similar—if not identical—contractual 3-year limitations period. *Id.* at 608–11. As the Supreme Court unanimously found in *Heimeshoff*, this Court finds that the 3-year limitations period is reasonable as a matter of law. Accordingly, no fact question precludes the Court from concluding that Ms. Jones's claims are time-barred.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Dkt. No. 9) is **GRANTED**. Plaintiff's claims against Defendants in this case are hereby **DISMISSED WITH PREJUDICE**. Costs in this case are awarded to Defendants as the prevailing party.

4

**So ORDERED and SIGNED this 7th day of October, 2016.**

```
_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE
```